B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Noreen Wiscovitch, Chapter 7 Trustee on Behalf of the Bankruptcy Estate of Fiddler, Gonzalez & Rodriguez, PSC | **DEFENDANTS**<br>MICROSOFT CORPORATION |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>JAVIER VILARINO<br>VILARINO & ASSOCIATES LLC,<br>PO BOX 9022515, SAN JUAN, PR 00902<br>TEL. 787-565-9894 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Re: Recovery of Money/Property of the Estate, Pursuant to 11 U.S.C. §§ 542(a); 547;and FRBP 7001(1).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under |
|---|---|
| FRCP 23 ☐ Check if a jury trial is demanded in complaint | Demand $32,406.72 |
| Other Relief Sought<br>Turnover of property of the estate. | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>FIDDLER, GONZALEZ & RODRIGUEZ, PSC | BANKRUPTCY CASE NO.<br>17-03403(MCF) ||
| DISTRICT IN WHICH CASE IS PENDING<br>SAN JUAN | DIVISION OFFICE | NAME OF JUDGE<br>HON. MILDRED CABAN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/S/ JAVIER VILARINO |||
| DATE<br><br>MAY 15, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JAVIER VILARINO ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**FIDDLER, GONZALEZ & RODRIGUEZ, PSC**,<br>Debtor, | Bankruptcy No.: **17-03403 (MCF)**<br><br>Chapter: 7 |
| Fiddler, Gonzalez & Rodriguez, PSC.,<br>Represented by Noreen Wiscovitch, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>Microsoft Corporation<br>Defendant. | Adv. No.:<br><br>Turnover of property, preferential and transfers and others pursuant to 11 U.S.C. §§542, 544, 547,550 and Fed. R. Bankr. P. 7001(1) |

## **COMPLAINT**

**TO THE HONORABLE MILDRED CABAN FLORES**
**UNITED STATES CHIEF BANKRUPTCY JUDGE:**

**COMES NOW**, by counsel, the duly appointed and acting Chapter 7 trustee of the bankruptcy estate of Fiddler, Gonzalez & Rodriguez, PSC., ("Debtor"), Noreen Wiscovitch-Rentas (the "Trustee" or "Plaintiff") most respectfully states and prays as follows:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2. This adversary proceeding is brought pursuant to FRBP 7001 and §§ 541, 542, 544, 547, 549, 550 of Title 11, United States Code.

3. This venue is appropriate in this court under 28 U.S.C. §§ 1409(a).

4. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(E) and (F).

5. The amounts claimed as part of the following causes of action may overlap. They can be considered individually, or they can be taken as a whole for the total amount listed in the final cause of action.

## THE PARTIES

6. The plaintiff, the bankruptcy Estate of Fiddler, Gonzalez & Rodriguez, PSC., is represented by Noreen Wiscovitch-Rentas, who is appointed as Debtor's Chapter 7 Trustee.

7. The Defendant, Microsoft Corporation ("Defendant" or "Microsoft"), is an entity or individual with a principal place of business and/or registered office or domiciled at City View Plaza I, Suite 107, #48 State Road 165 Km. 1.2, Guaynabo, PR 00968.

## BACKGROUND

8. On May 16, 2017, (the "Petition Date") the law firm of Fiddler, Gonzalez & Rodríguez, P.S.C. (the "Debtor" or "Fiddler") filed a voluntary petition to liquidate its operations under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). [Dkt. 1]

9. The Debtor was founded in 1933 and, until its demise in May 2017, had established itself as one of the most preeminent law firms in the Commonwealth of Puerto Rico, and as one of the largest law firms in the Caribbean and Latin America. At the height of its power and operations, Fiddler had over 70 attorneys, at least 40 of which were shareholders.

10. Fiddler was formed with the express business purpose of becoming the first full-service law firm in Puerto Rico, at a time when the island's economy was based largely on agriculture, mainly sugar.

11. Over the decades, Puerto Rico underwent a rapid development into an industrialized economy, which fueled Fiddler's growth and reputation as a legal powerhouse. Indeed, the largest multi-party, multi-jurisdictional damages litigation related to Puerto Rico, as well as the largest alternative energy projects, were claimed to have been successfully handled by Fiddler attorneys.

12. During the four (4) years prior to the Petition Date, Fiddler suffered extreme financial distress based upon certain acts and omissions of management, which included improper payments made for the personal expenses of the Debtor's shareholders while the Debtor was insolvent or otherwise unable to pay its debts as they matured.

13. All conditions precedent to the filing of this action have been performed, waived, satisfied, or have occurred.

14. During the 90 days before the Petition Date (the "Preference Period"), the Debtor made certain transfers of interests in the debtor estate property, in the form of cash, to or for the benefit of the Defendant in the aggregate amount of $32,406.72 not including interest and other charges ("90-Day Transfers"). Attached hereto as **Exhibit A** is a detailed listing of the 90-Day Transfers.

15. Plaintiff is entitled to recovery of debts owed by defendant arising from the avoidable transfers mentioned in the preceding paragraph.

16. To the extent. that the Debtor may have purported to enter into an agreement with Defendant to conduct business, and regardless of whether such agreement is properly reflected in the Fiddler, Gonzalez & Rodriguez, PSC., books and records as related below the Debtor made the 90-Days Transfers to Defendant following accrual of payment obligations under such purported agreement.

17. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional avoidable transfers made to the Defendant during the Transfer Period. It is the Trustee intention to avoid and recover all transfers made by the Debtor of an interest in the property and to or for the benefit of the Defendant or any other transferee. The Trustee reserves its rights to amend this original Complaint to include, without limitation: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (including

3

but not limited to causes of action under 11 U.S.C. §§ 542, 544, 545, 548, and/or 549) (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

18. In light of these circumstances, Plaintiff prays the Court to order Defendant to pay the sum of $32,406.72.

19. In the absence of payment by Defendant, Plaintiff prays the Court to issue appropriate orders or remedies as authorized by law to ensure the payment of the debt.

### THE CLAIMS AT ISSUE

#### Count I-Avoidance of Transfers
#### Pursuant to 11 U.S.C.§§ 547 and 550

Plaintiff sues Defendant and alleges:

20. Plaintiff re-alleges and incorporates by reference the allegations of all prior paragraphs of this Complaint.

21. Pursuant to 11 U.S.C. § 547, the Trustee may seek to avoid any transfer of an interest of the debtor in property — (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; 4) made — . . . between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such creditor to receive more than such creditor would receive if — (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

22. The Debtor was insolvent or otherwise became insolvent as a result of the 90-Day Transfers, and/or the Debtor knew or should have known that it would incurr debts beyond its ability to pay as such debts matured.

23. At all relevant times, the Defendant was a creditor of the Debtor, as defined by 11

4

U.S.C. § 101.

24. The 90-Day Transfers were transfers of property, or an intererest in property, of the Debtor.

25. The 90-Day Transfers were made by the Debtor to or for the benefit of the Defendant.

26. The 90-Day Transfers were made on or within ninety (90) days before the Petition Date.

27. The 90-Day Transfers were made for, or on account of, an antecedent debt or debts owed by the Debtor before the transfers were made.

28. The 90-Day Transfers were made while the Debtor was insolvent.

29. In accordance with the foregoing, the 90-Day Transfers are avoidable pursuant to 11 U.S.C. § 547.

30. Such transfers constitute preferential transfers pursuant to Section 547 of the Bankruptcy Code in that such transfers were made to or for the benefit of a creditor, the Defendant, for or on account of an antecedent debt owed by the Debtor before such transfers were made, made while the Debtor was insolvent, and that enabled such creditor to receive more than it would receive in a case under Chapter 7 of the Bankruptcy Code, if the transfers had not been made, and such creditor received payment of such debts to the extent provided by the provisions of the Bankruptcy Code.

31. Defendant was the initial transferee of the 90-Day Transfers, the entity for whose benefit the transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the transfers.

32. Pursuant to 11 U.S.C. §§ 547 and 550, the Trustee is entitled to avoid and recover from Defendant the value of the property transferred for the benefit of the bankruptcy estate.

WHEREFORE, in accordance with 11 U.S.C. §§ 547 and 550, the Trustee demands

5

judgment against Defendant as follows: (i) determining that the 90 Day-Transfers are avoidable; (ii) entering judgment against Defendant for the value of the 90 Day-Transfers, plus interest and costs of suit; (iii) entering judgment against Defendant avoiding the 90 Day-Transfers; (iv) disallowing any claim Defendant may have against the Debtor's estate unless and until such time as the amounts asserted hereunder are paid as provided in 11 U.S.C. § 502(d), subject to other objections thereto; and (v) for any other relief the Court deems just and proper.

## Count II-Rescission of transfers pursuant to 11 U SC § 544(b) and Art. 1243(3) of Puerto Rico's Civil Code

Plaintiff sues Defendant and alleges:

33. Plaintiff re-alleges and incorporates by reference the allegations of all prior paragraphs of this Complaint.

34. Pursuant to Section 544(b) of the Bankruptcy Code, a trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable state law by a creditor holding an unsecured claim that is allowable under Section 502 of this title or that is not allowable only under Section 502(e) of this title. 11 U.S.C. § 544(b).

35. Article 1228 of Puerto Rico's Civil Code states that inadequate or a complete lack of "consideration in contracts shall render them void" 31 L.P.R.A. § 3433.

36. Transactions, like the ones at issue in this case, "where a party alienates property without valuable consideration," are presumed to be avoidable transfers. *Santiago v. Santiago*, 731 F. Supp. 2d 202 (D.P.R. 2010) *citing Simcox v. San Juan Shipyard, Inc.,* 754 F.2d 430, 442 (1st Cir. 1985) (*citing* P.R. Laws Ann. tit. 31, § 3498 (1969)).

37. Under Puerto Rico law these types of acts subject a contract to rescission. *McCulloch v. Malavé Vélez,* 380 F. Supp.2d 46, 51 (D.P.R.2005); *see United States v. García,* 532 F. Supp. 325, 333 (D.P.R.1981). 31 L.P.R.A. §3432.

6

38. Article 1243(3) of Puerto Rico's Civil Code provides for the rescission of contracts made in violation of the rights of creditors, when creditors cannot recover what is due to them through any other means. 31 L.P.R.A. § 3492.

39. Pursuant to Article 1249 of the Puerto Rico Civil Code, contracts by virtue of which the debtor alienates property, through a gratuitous conveyance (no consideration), are presumed to be avoidable transfers. 31 L.P.R.A. § 3498

40. Pursuant to Article 1251 of the Puerto Rico Civil Code, a cause of action to request the rescission of contracts has a statute of limitations of four years. 31 L.P.R.A. §3512.

41. The Transfers are avoidable as being made without reasonably equivalent value while the Debtor was insolvent or otherwise unable to pay its debts as they matured, all to the detriment of the Debtor's estate and its creditors.

42. The Transfers are null and void in accordance with 31 L.P.R.A. § 3432. In the alternative, the Transfers are avoidable in accordance with 31 L.P.R.A. § 3433.

43. The Transfers constitute a null and void contract under Puerto Rico law, and are therefore all avoidable pursuant to 11 U.S.C. § 544.

44. At all times material to this action, creditors existed that could have avoided the Transfers as evidenced by the proof of claim register maintained by the Clerk of the Court for the and on behalf of the estate of the Debtor.

45. Pursuant to 11 U.S.C. §§ 544 and 550, the Trustee is entitled to avoid and recover from Defendant the value of the property transferred for the benefit of the bankruptcy estate.

WHEREFORE, in accordance with 11 U.S.C. §§ 544 and 550, and the Puerto Rico Civil Code, including Articles 1227, 1228, 1243, 1249, and 1251 and 31 L.P.R.A. §§ 3432, 3433, 3492, 3498, and 3512, the Trustee demands judgment against Defendant as follows: (i) determining that the Transfers are avoidable; (ii) entering judgment against Defendant for the value of the Transfers, plus interest and costs of suit; (iii) entering judgment against Defendant

avoiding the Transfers; (iv) disallowing any claim Defendant may have against the Debtor's estate unless and until such time as the amounts asserted hereunder are paid as provided in 11 U.S.C. § 502(d), subject to other objections thereto; and (v) for any other relief the Court deems just and proper.

### Count III - Turnover of Property
### Pursuant to 11 U.S.C. § 542

Plaintiff sues Defendant and alleges:

46. Plaintiff re-alleges and incorporates by reference the allegations of all prior paragraphs of this Complaint.

47. As alleged in Counts I and II above, the Transfers to Defendant constitute avoidable transfers.

48. Section 542(a) of the Bankruptcy Code provides:

> (a) Except as provided in subsection (c) or (d) of this section, an entity[1], other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, **shall deliver to the trustee**, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.     11 U.S.C. § 542.

49. Pursuant to 11 U.S.C. §542(b), an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, **shall pay such debt to, or on the order of, the trustee.**

50. Although Section 542 does not define the property subject to turnover, "the term is generally understood to mean "property of the estate", as defined in Section 541". Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶542.03[2] (16th ed. 2015).

51. Should the Transfers be avoided by the Court, the Trustee may recover the value of such property from Defendant under Sections 542, 544 and 550 of the Bankruptcy Code, and

---

[1] The term "entity" includes "person, estate, trust, governmental unit, and United States trustee. 11 U.S.C. §101(15)

8

under Articles 1227, 1228, 1243, 1249, and 1251 of the Puerto Rico Civil Code. and 31 L.P.R.A. §§ 3432, 3433, 3492, 3498, and 3512.

52. Defendant is the entity to whom or for whose benefit the Transfers were made.

WHEREFORE, the Trustee demands judgment against Defendant as follows: (i) avoiding the Transfers; (ii) allowing the Trustee to recover the value of the property transferred in the amount of the Transfers; (iii) awarding monetary relief in the amount of the Transfers; and (iv) granting such other and further relief as the Court deems just and proper.

### Count IV - Objection to Claim

Plaintiff sues Defendant and alleges:

53. Plaintiff re-alleges and incorporates by reference the allegations of all prior paragraphs of this Complaint.

54. This is an action objecting to any and all claims of Defendant, whether filed or to be filed, against the Debtor's estate (collectively, the "Claims").

55. The Trustee objects to the allowance and payment of the Claims pursuant to Sections 502 of the Bankruptcy Code and Fed. R. Bankr. P. 3007 on the bases that: (i) Defendant does not have any viable claims against the Debtor's bankruptcy estate; (ii) the Claims are limited or barred under applicable Puerto Rican and/or federal law; (iii) the Claims are barred in whole or in part by the doctrines of setoff and recoupment; (iv) the Claims are barred in whole or in part unless and until the avoidable transfers alleged in Counts I, II, and III above are disgorged and paid to the Trustee.

WHEREFORE, the Trustee demands judgment against Defendant: (i) disallowing the Claims and any other claim Defendant may attempt to assert against the estate in whole or in part; and (ii) for any other relief the Court deems just and proper.

### RESERVATION OF RIGHTS

56. Plaintiff reserves the right: (i) to bring all other claims or causes of action that he

may have against Defendant, on any and all grounds, as allowed under the Bankruptcy Code, or applicable law, or in equity; and (ii) to amend the Complaint as new information becomes known to Plaintiff at any time during the adversary proceeding, through formal discovery or otherwise, to, *inter alia*, (a) include such information and/or assertions with respect to the Transfers to Defendant, (b) revise Defendant's name, and/or (c) add additional defendants and/or additional causes of action, with all such amendments relating back to the date of the filing of this Complaint.

**RESPECTFULLY SUBMITTED.**

San Juan, Puerto Rico, on this 14th day of May, 2019

*/s/ Javier Vilariño*
JAVIER VILARIÑO
USDC NUM. 223503
E-mail: jvilarino@vilarinolaw.com
VILARIÑO & ASSOCIATES LLC
PO BOX 9022515
San Juan, PR 00902-2515
www.vilarinolaw.com

**Fiddler, Gonzalez, & Rodriguez. P.S.C ("Debtor")**
**Case No.: 17-03403-MCF7**
**90 Day Preference Payments**
**Microsoft Corporation**

| Payment Date | Payee | Account Number | Check No. | Preference Amount | Check Clear Date |
|---|---|---|---|---|---|
| 02/17/17 | Microsoft Corporation | 7044 | 6035 | $ 20,000.00 | 02/21/17 |
| 03/03/17 | Microsoft Corporation | 7044 | 6112 | 12,406.72 | 03/15/17 |
| | | | Total | $ 32,406.72 | |